CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 2 6 2008

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **CHRISTOPHER RAWLINGS,** )<br>Petitioner, ) | Civil Action No. 7:08-cv-00495 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| **GENE M. JOHNSON,** ) | By: Samuel G. Wilson |
| Respondent. ) | United States District Judge |

Christopher Rawlings brings this 28 U.S.C. § 2254 habeas petition challenging his drug conviction in the Circuit Court of the City of Charlottesville. Rawlings raises two claims of ineffective assistance of counsel, one concerning trial counsel and the other concerning appellate counsel. The court finds that Rawlings' ineffective assistance claim concerning trial counsel is procedurally defaulted and his claim concerning appellate counsel is meritless. Therefore, the court grants respondent's motion to dismiss.

I.

On March 12, 2002, the Circuit Court of the City of Charlottesville convicted Rawlings of possessing cocaine with intent to distribute, second offense, and sentenced him to 15 years incarceration. Rawlings appealed to the Court of Appeals of Virginia, which denied his petition on December 18, 2003. However, the denial order was not mailed to Rawlings' counsel as required by Rule 5A:15(a) of the Rules of the Virginia Supreme Court, and counsel did not learn of the denial until July 16, 2004. Upon a petition for rehearing, the Court of Appeals withdrew its December 18th order and reissued it on August 25, 2004. Counsel did not pursue an appeal to the Supreme Court of Virginia. Rawlings then filed a state habeas petition in the Supreme Court of Virginia alleging that he was denied his right to appeal his conviction from the Court of Appeals to the Supreme Court. The Supreme Court granted Rawlings state habeas relief on November 17, 2005. A petition

for appeal was filed in the Supreme Court of Virginia, but was dismissed as untimely filed. Counsel then filed a petition for a delayed appeal, pursuant to Va. Code § 19.2-321.2, which was granted. On March 1, 2007, counsel filed a petition for appeal which the Supreme Court of Virginia refused on September 19, 2007. Rawlings did not file another habeas petition in state court after his appeal was refused. He filed the instant federal habeas petition on August 29, 2008.

## II.

Rawlings complains that his trial attorney, Vanessa Hicks, did not object at trial to the admission of his juvenile adjudication for possession of cocaine with intent to distribute as a predicate offense to the "second offense" charge for which the petitioner was on trial. However, Rawlings did not properly exhaust this claim because he did not present it to any Virginia state court.[1] Moreover, it is procedurally defaulted because he would now be barred from raising it in any state court, pursuant to Va. Code §§ 8.01-654(A)(2) (establishing that a state habeas action must be filed within two years of conviction or one year of the conclusion of direct appeal, whichever is later).[2] Consequently, this claim is now simultaneously exhausted and procedurally barred from federal habeas review. Teague v. Lane, 489 U.S. 288. 297-99 (1989); Basette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990); Sparrow v. Director, Dept. of Corrections, 439 F. Supp.2d 584, 587-88 (E.D. Va. 2006).

---

[1] A petitioner must present her federal claims to the appropriate state court in the manner required by the state court, so as to give the state courts "a meaningful opportunity to consider allegations of legal error." Vasquez v. Hillary, 474 U.S. 254, 257 (1986). Accordingly, those claims must be raised at every appellate level or must be specifically addressed by the state's highest court. See Castille v. Peoples, 489 U.S. 346, 351 (1989) (noting that merely presenting the claims to the state's highest court for discretionary review does not satisfy the exhaustion requirement). Although Rawlings did file direct appeals through to the Virginia Supreme Court and he did file a state habeas proceeding, he did not raise the instant claim in any state court. Therefore, the claim was not properly presented to the state court and thus, is barred from federal habeas review.

[2] As applied in this case, Rawlings had one year from September 19, 2007, when the Supreme Court of Virginia refused his petition for appeal, or until September 19, 2008, to file a timely state habeas petition.

2

However, a petitioner may obtain review of a defaulted claim by establishing cause for the default and prejudice from the failure to review that claim. Coleman v. Thompson, 501 U.S. 722, 749 (1991); see also Teague, 489 U.S. at 288; Fisher v. Angelone, 163 F.3d 835, 844-45 (4th Cir. 1998). In this case, Rawlings makes no showing of cause and prejudice to excuse his default. Accordingly, the court finds that this claim is barred from federal habeas review, and therefore, is dismissed.

### III.

Rawlings also argues that his appellate attorney, J. Lloyd Snook. III, abandoned his obligation on appeal to the Supreme Court of Virginia after being paid $2000 to file the appeal, and that he is entitled to reimbursement of the legal fees. As an initial matter, monetary relief is beyond the authority of this court in a habeas proceeding. The purpose of habeas corpus is to challenge the validity of the prisoner's detention and the remedy is release from custody; habeas is not a means by which a prisoner may raise a collateral issue such as reimbursement of legal fees. See Preiser v. Rodriguez, 411 U.S. 475 (1973). Moreover, his claim has no merit. The record shows, and Rawlings has offered no evidence to refute, that his appellate counsel, J. Lloyd Snook. III, did in fact file a petition for appeal on Rawlings' behalf in the Supreme Court of Virginia on March 1, 2007. Therefore, this claim fails and is dismissed.

### IV.

For the reasons stated, the court grants respondent's motion to dismiss and dismisses Rawlings' § 2254 petition.

**ENTER**: This 26th day of November, 2008.

United States District Judge